UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No: 06-cr-232-RCL |
| | ) |
| JAMIE MEDINA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Jamie Medina's motion [362] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion is based on Amendment 782 to the United States Sentencing Guidelines and must be analyzed under the "two step inquiry" set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Under *Dillon*'s test, the Court must first determine if Mr. Medina is eligible for a sentence reduction under § 3582(c)(2) and then determine whether or a not such a reduction is warranted according to the factors enumerated in 18 U.S.C. § 3553(a). After considering Mr. Medina's motion, the record in this case, and the applicable law, the Court will **DENY** Mr. Medina's motion because he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

**I. BACKGROUND**

On August 1, 2006 a Grand Jury filed a six-count indictment against Mr. Medina and several co-defendants, charging them with conspiracy to manufacture and distribute 5 kilograms or more of cocaine and for distributing 5 kilograms or more of cocaine. *See* Presentence Report (PSR) ¶ 2, ECF No. 319. On December 3, 2009, Mr. Medina pled guilty to Count One of the indictment (conspiracy) and entered into a plea agreement in which the parties agreed that Mr.

1

Medina was accountable for at least 150 kg of cocaine, resulting in a base offense level of 38. *See* Plea Agreement ¶¶ 1, 7, ECF No. 283. The government agreed that a two level reduction for acceptance of responsibility was warranted, but stated that it would recommend that Mr. Medina be given a four level increase for his role as an organizer, manager, supervisor, or leader of the conspiracy, resulting in a total offense level of 40. *Id.* ¶¶ 10–11. An offense level of 40, with a criminal history category of I, resulted in a Guidelines range of 292–365 months imprisonment, *see* PSR ¶ 65, but the parties entered into a Rule 11(c)(1)(C) agreement, agreeing that a sentence of 180 months imprisonment was appropriate, Plea Agreement ¶ 9. On April 9, 2010, this Court entered a judgment against Mr. Medina and sentenced him to 180 months imprisonment and 60 months of supervised release. *See* Judgment, ECF No. 329.

On December 12, 2014, Mr. Medina filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. On April 30, 2014, the Sentencing Commission submitted to Congress Amendment 782, proposing a downward revision to sentencing ranges for drug trafficking offenses (sometimes referred to as "all drugs minus two"), and Amendment 788 which allows for the retroactive application of Amendment 782. Amendments 782 and 788 became effective on November 1, 2014. The policy statement regarding Amendment 782 is contained in U.S.S.G. § 1B1.10. Amendment 782 is applicable to Mr. Medina's offense. *See* Re-Sentencing Memorandum, ECF No. 369. The imprisonment range under the original Guidelines calculations for Mr. Medina's offense was 292–365 months, considering a total offense level of 40. *Id.* After Amendment 782, Mr. Medina's total offense level was reduced to 38 and the revised Guidelines range is now 235–293 months. *Id.* Therefore, Mr. Medina argues that he is eligible for a reduction in his sentence.

## II. LEGAL STANDARDS

Courts may modify terms of imprisonment once they have been imposed when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Courts follow a two-step approach when determining whether a sentence reduction is warranted under § 3582(c). *Dillon*, 560 U.S. at 826. First, the court determines whether a defendant is eligible for a sentence reduction and to what extent, then determines whether a reduction is warranted considering the § 3553(a) factors. *Id.* at 826–27.

To show that he is eligible for a sentence reduction, the defendant must show that "his sentence was 'based on' a subsequently-lowered guideline range, [and that] that the sentence reduction he seeks is consistent with U.S.S.G. § 1B1.10, the policy statement governing § 3582(c)(2) proceedings." *In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013). In certain cases, the parties may enter into what is known as a Rule 11(c)(1)(C) plea, under which they "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). In cases where an 11(c)(1)(C) plea is present, "a sentence is 'based on' a guideline range 'to whatever extent' that range 'was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement.'" *In re Sealed Case*, 722 F.3d at 365 (quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011)). To determine the extent of the relevance of the guidelines range, "the focus . . . ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties'

3

agreement." *United States v. Epps*, 707 F.3d 337, 351 (D.C. Cir. 2013). Courts look at the following three pieces of evidence when making this determination: "sentencing hearings, plea hearings, and the text of the plea agreement." *United States v. Aguilar-Vargas*, 209 F. Supp. 3d 139, 143 (D.D.C. 2016) (internal quotation marks and citation omitted).

If a defendant has shown that his sentence was "based on" a subsequently amended guidelines ranges, the court "'determin[es] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). Under U.S.S.G. § 1B1.10, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). One exception exists: "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B).

## III.  ANALYSIS

The Court concludes that Mr. Medina is not eligible for a reduction in his sentence. As noted, Mr. Medina entered into a Rule 11(c)(1)(C) plea agreement, which does not necessarily preclude his motion. *See In re Sealed Case*, 722 F.3d at 365. However, Mr. Medina's motion is precluded by U.S.S.G. § 1B1.10(b)(2)(A). Although Mr. Medina's original Guidelines range, based on a total offense level of 40, was 292–365 months, Mr. Medina was sentenced to 180 months imprisonment. The revised range as changed by Amendment 782 is 235–293 months. The Court may not reduce Mr. Medina's term of imprisonment, which is already "less than the

4

minimum of the amended guidelines range." U.S.S.G. § 1B1.10(b)(2)(A). Reducing an already below amended Guidelines sentence of 180 months to a an even lower sentence is precluded by § 1B1.10(b)(2)(A). In addition, the exception for substantial assistance does not apply. *See* U.S.SG. § 1B1.10(b)(2)(B). The government in this case did not file a 5K1.1 motion for downward departure due to substantial assistance from the defendant.[1] In the Statement of Reasons, the Court noted that it was departing downward because of the 11(c)(1)(C) agreement, not because of a 5K1.1 agreement based on substantial assistance. *See* Statement of Reasons at 2, ECF No. 330. Therefore, Mr. Medina is not eligible for a reduction of his sentence and his motion fails step one of *Dillon*.

IV. **CONCLUSION**

For the reasons stated above, Mr. Medina's motion to reduce his sentence [362] is hereby **DENIED**.

It is **SO ORDERED**.

Date: April ~~April~~ May 30, 2017

Royce C. Lamberth
United States District Judge

---

[1] U.S.S.G. § 5k1.1 states that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."